UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STORMTECH LLC, and ADVANCED DRAINAGE SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CULTEC, INC. <br><br> Defendant. | Civil Action No.: <br><br> Jury Trial Requested <br><br> June 15, 2017 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs StormTech LLC and Advanced Drainage Systems, Inc. (collectively "Plaintiffs"), by way of this Complaint against Cultec, Inc., state as follows:

**PARTIES**

1. Plaintiff StormTech LLC ("StormTech") is a limited liability company organized and existing under the laws of the state of Delaware. StormTech is a wholly-owned subsidiary of Advanced Drainage Systems, Inc. ("ADS"). StormTech's chief executive office and principal place of business are located at 4640 Trueman Boulevard, Hilliard, Ohio 43026. StormTech manufactures and sells a variety of water management products and superior drainage solutions for use in the construction and infrastructure marketplace, including stormwater chambers.

2. Plaintiff ADS is a corporation organized and existing under the laws of the state of Delaware, with its corporate headquarters at 4640 Trueman Boulevard, Hilliard, Ohio 43026. ADS manufactures and sells a variety of water management products and superior drainage solutions for use in the construction and infrastructure marketplace, including thermoplastic corrugated pipe.

3. On information and belief, Defendant Cultec, Inc. ("Cultec") is a corporation organized and existing under the laws of the state of Connecticut, having its principal place of business located at 878 Federal Road, P.O. Box 280, Brookfield, Connecticut 06804.

4. On information and belief, Cultec manufactures and sells water management products, including plastic stormwater chambers, and regularly conducts business throughout the United States, including the state of Connecticut and this judicial district, by selling these water management products, including plastic stormwater chambers, directly to customers. On information and belief, Cultec derives revenue from the sale to consumers of water management products, including plastic stormwater chambers.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

5. Plaintiffs repeat and incorporate by reference paragraphs 1-4 above as though fully restated herein.

6. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271, that arises at least from Cultec's manufacture, use, importation, sale, and/or offer for sale of certain plastic stormwater chambers that infringe U.S. Patent No. 9,637,907 ("the '907 patent") ("the Asserted Patent").

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Cultec has placed infringing products, including plastic stormwater chambers, which form the basis of this Complaint, into the stream of commerce with the expectation that such products will be purchased within the United States and in the state of Connecticut.

9. On information and belief, Cultec offers for sale and sells within the United States and the state of Connecticut plastic stormwater chambers that practice, and thereby infringe at least claims 1-11 and 13-22 of the '907 patent.

10. On information and belief, Cultec is subject to personal jurisdiction in this Court because Cultec is domiciled in Connecticut, having its headquarters and principal place of business in Connecticut. Moreover, Cultec is further subject to personal jurisdiction in the District of Connecticut, consistent with the principles of due process, by virtue of Cultec's above-referenced activities and contacts within the state of Connecticut, and further because Cultec purposefully availed and avails itself of the privileges of doing business in Connecticut.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c)(2), at least because Cultec is subject to this Court's personal jurisdiction and has conducted and/or continues to conduct business in this judicial district, and because at least some of the acts giving rise to this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND

12. Plaintiffs repeat and incorporate by reference paragraphs 1-11 above as though fully restated herein.

13. StormTech owns the '907 patent, entitled "Corrugated Stormwater Chamber Having Sub-Corrugations," a patent duly and properly issued by the U.S. Patent and Trademark Office on May 2, 2017.  A true and correct copy of the '907 patent is attached as Exhibit A.

14. ADS has an exclusive license under the Asserted Patent.

15. On information and belief and during the terms of the Asserted Patent, Cultec has manufactured, offered for sale, sold, used, and/or imported products embodying the patented

3

inventions of the Asserted Patent, such as its Recharger 902HD stormwater chamber, and has engaged in other activities infringing the same.

16. For example, upon information and belief, Cultec has offered for sale and sold its Recharger 902HD stormwater chambers directly to customers in the United States since at least February 2015. Upon information and belief, from at least February 2015 to at least April 2017, Cultec offered for sale and sold a first version of its Recharger 902HD chamber. Upon information and belief, at least by May 2017, Cultec has offered for sale and sold a second version of its Recharger 902HD stormwater chamber.

17. Upon information and belief, Cultec has also offered for sale and sold the second version of its Recharger 902HD stormwater chambers to customers in the United States through Nilex Inc., since at least June 2015.

18. In addition, upon information and belief, Cultec has established dealers and distributors for selling and offering for sale its products located throughout the United States, including in the state of Connecticut.

19. On information and belief and during the term of the Asserted Patent, Cultec has contracted with third parties, including Vantage Products Corporation, to have manufactured products embodying the patented inventions of the Asserted Patent, such as the Recharger 902HD stormwater chamber.

20. On its website, Cultec advertises its infringing Recharger 902HD stormwater chambers and includes product specifications and CAD drawings of Recharger 902HD stormwater chambers. Despite changing the design of the Recharger 902HD stormwater chamber from the first version to the second version, Cultec has not changed its branding, advertising, or marketing materials.

21. Cultec's acts have been without license or authority of Plaintiffs.

## COUNT I

## PATENT INFRINGEMENT OF THE '907 PATENT, 35 U.S.C. § 101 et seq.

22. Plaintiffs incorporate the allegations of paragraphs 1-21 of this Complaint as if fully restated.

23. This claim arises under 35 U.S.C. §§ 101 *et seq*.

24. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

25. Cultec's acts constitute infringement of the '907 patent under 35 U.S.C. § 271. Cultec has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '907 patent, by, without limitation, making, using, importing, selling, and/or offering for sale stormwater chambers in the District of Connecticut and elsewhere in the United States, that include all of the limitations of one or more of the claims of the '907 patent.

26. In violation of 35 U.S.C. § 271, Cultec actively induces third-party manufacturers, distributors, importers, and/or customers that purchase, manufacture, or sell stormwater chambers that satisfy all of the limitations of one or more of the claims of the '907 patent, to directly infringe one or more claims of the '907 patent. Cultec induces infringement, at least, by knowingly selling stormwater chambers with the intent that its customers directly infringe the '907 patent through sales and use of the stormwater chambers in the United States.

27. Cultec's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover damages in an amount subject to proof at trial.

28. Plaintiffs have been, and continue to be, damaged and irreparably harmed by Cultec's infringement, which will continue unless Cultec is enjoined by this Court.

29. On information and belief, Cultec knew or should have known of the '907 patent at least since May 2, 2017, when the patent issued. Plaintiffs have previously accused Cultec's products of infringing other patents related to stormwater chamber technology. That litigation, *StormTech v. Cultec, Inc.*, 3:15-cv-01890-AVC (D. Conn.), is ongoing. Plaintiffs and Cultec are direct competitors currently involved in patent litigation related to stormwater chambers, and Cultec knew or should have known about Plaintiffs' patents related to stormwater chamber technology.

30. Cultec knew of the '907 patent no later than June 6, 2017, when Plaintiffs informed Cultec of the '907 patent and that the second version of the Recharger 902HD stormwater chamber infringes claims of the '907 patent. Thus, on information and belief, Cultec's infringement has been, and continues to be, willful and deliberate.

31. Plaintiffs' current infringement positions are based upon reasonable information and belief. Plaintiffs anticipate collecting additional evidentiary support through the discovery process. As such, Plaintiffs reserve the right to assert any claims of the '907 patent, against any additional infringing product identified during the discovery process.

32. Cultec's Recharger 902HD stormwater chambers literally infringe at least claim 1 of the '907 patent, which states:

> 1. A chamber for drainage, comprising:
>
> opposing side bases;
>
> sidewalls extending from the opposing side bases;
>
> a plurality of crest corrugations and a plurality of valley corrugations positioned along a length of the chamber; and
>
> at least one crest sub-corrugation extending upwardly from an opposing side base and along a portion of a crest corrugation, wherein the at least one crest sub-corrugation extends upwardly about one-quarter to two-thirds of a height of the chamber.

33. For example, as shown in the product photograph below,[1] Cultec's Recharger 902HD stormwater chamber includes two opposing side bases. The chamber also includes two sidewalls extending from the opposing side bases, as shown below. The chamber further includes a plurality of valley corrugations and crest corrugations positioned along the length of the chamber. These corrugations extend upwardly from the opposing bases shown below. As shown below, the chamber also includes a plurality of crest sub-corrugations extending upwardly from the opposing side bases and located on the crest corrugations. These crest sub-corrugations extend up from the base to about a quarter or two-thirds of the chamber height.



---

[1] This photograph was obtained on June 14, 2017, from http://cultec.com/products/902hd/.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor and against Cultec holding that:

1) Cultec has infringed the Asserted Patent;

2) Plaintiffs be awarded royalty or lost profit based damages adequate to compensate them for Cultec's infringement of the Asserted Patent, such damages to be determined by a jury;

3) Cultec, its officers, agents, employees, and those persons in active concert or participation with it or any of them, and its successors and assigns, be permanently enjoined from continued infringement of the Asserted Patent, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products that infringe the Asserted Patent;

4) All items that infringe the Asserted Patent be delivered to Plaintiffs or destroyed;

5) Cultec's infringement has been, and continues to be, willful;

6) Damages for infringement be trebled as provided for by 35 U.S.C. § 284 for Cultec's willful infringement;

7) This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Plaintiffs be awarded their reasonable attorneys' fees, expenses and costs; and

8) Plaintiffs be awarded such other and further relief as this Court deems just and proper.

Dated: June 15, 2017 Respectfully submitted,

   */s/ Nuala E. Droney*
Nuala E. Droney (ct27192)
James R. Nault (ct29500)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103
Tel.: (860) 275-8346
Fax: (860) 275-8299
E-mail:  ndroney@rc.com

*Co-Counsel:*
James R. Barney (*pro hac vice* application forthcoming)
Virginia Bar No.: 43826
Aaron L. Parker (*pro hac vice* application forthcoming)
Virginia Bar No.: 65805
Jose M. Recio (*pro hac vice* application forthcoming)
Virginia Bar No.: 82559
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
Tel.: (202) 408-4000
Fax: (202) 408-4400
E-mail:  james.barney@finnegan.com
E-mail:  aaron.parker@finnegan.com
E-mail:  jose.recio@finnegan.com

*Attorneys for Plaintiffs StormTech LLC and Advanced Drainage Systems, Inc.*